

NORTHERN DISTRICT OF TEXAS
FILED

SEP - 1 2015

CLERK, U.S. DISTRICT COURT
By_____
Deputy

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| **JAMES ALAN BROCKWAY,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **No. 3:14-CV-01741-BF** |
| | § | |
| **CAROLYN W. COLVIN,** | § | |
| **Commissioner of Social Security,** | § | |
| **Defendant.** | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff James Alan Brockway ("Plaintiff") brings this action for judicial review of the Commissioner of Social Security's ("Commissioner") final decision denying his claim for a period of disability, disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act pursuant to Title 42, United States Code, Section 405(g). For the following reasons, the final decision of the Commissioner is REVERSED and REMANDED for proceedings consistent with this Memorandum Opinion and Order.

### Background

Plaintiff alleges that he is disabled due to a variety of ailments including, dizzy spells, high blood pressure, diabetes, pain in his wrists, frequent dislocation of his shoulder, and Hepatitis C. Tr. [D.E. 15-3 at 34, 38, 40, 44, 46, 49]. After Plaintiff's applications were denied initially and upon reconsideration, Plaintiff requested a hearing before an administrative law judge ("ALJ"). At the time of the hearing, Plaintiff was 53 years old. *Id.* [D.E. 15-3 at 32]. Plaintiff's highest level of education completed is eleventh grade in high school. *Id.* [D.E. 15-3 at 32]. Plaintiff has not engaged in substantial gainful activity since January 1, 2009, the alleged onset date. *Id.* [D.E. 15-3 at 17]. The ALJ determined that Plaintiff suffered from the following severe impairments: hypertension, Type II diabetes, Hepatitis C, degenerative disc disease of the cervical spine, and

obesity. *Id.* [D.E.15-3 at 17]. The ALJ concluded that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in Title 20, Code of Federal Regulations, Part 404, Subpart P, Appendix 1 (Title 20, Code of Federal Regulations, Sections 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926). *Id.* [D.E.15-3 at 19]. The ALJ determined that Plaintiff has the residual functional capacity ("RFC") to perform light work except he can lift/carry 20 pounds occasionally and 10 pounds frequently; stand/walk 4 hours in an 8 hour workday; sit 4 hours in an 8 hour workday, with frequent, but not constant use of both upper extremities; and that Plaintiff can never climb ladders, ropes or scaffolds. *Id.* [D.E.15-3 at 20]. In determining whether Plaintiff was able to do any other work considering his RFC, education, age, and work experience, the Vocational Expert ("VE") testified that Plaintiff was able to perform the tasks of a toll collector, parking lot attendant, and ticket taker. *Id.* [D.E.15-3 at 71]. On January 17, 2013, the ALJ issued his decision finding that the Plaintiff was not disabled under sections 216(i), 223(d) and 1614(a)(3)(A) of the Social Security Act. *Id.* [D.E. 15-3 at 24]. Plaintiff appealed that decision to the Appeals Council. *Id.* [D.E.15-3 at 2]. The Appeals Council denied review on January 14, 2014. *Id.* [D.E.15-3 at 2]. Plaintiff then filed this action in federal district court.

## Legal Standards

A claimant must prove that he is disabled for purposes of the Social Security Act to be entitled to social security benefits. *Leggett v. Chater*, 67 F.3d 558, 563-64 (5th Cir. 1995); *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988). The definition of disability under the Act is "the inability to engage in any substantial gainful activity by reason of any medically-determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Commissioner utilizes a sequential five-step inquiry to determine whether a claimant is disabled. The steps are as follows:

(1) an individual who is working and engaging in substantial gainful activity will not be found disabled regardless of medical findings;

(2) an individual who does not have a "severe impairment" will not be found to be disabled;

(3) an individual who meets or equals a listed impairment in Appendix 1 of the regulations will be considered disabled without consideration of vocational factors;

(4) if an individual is capable of performing the work the individual has done in the past, a finding of "not disabled" will be made; and

(5) if an individual's impairment precludes the individual from performing the work the individual has done in the past, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed.

*Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994) (citing *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990) (paraphrasing 20 C.F.R. § 404.1520(b)-(f)).

"The burden of proof lies with the claimant to prove disability under the first four steps of the five-step inquiry." *Leggett*, 67 F.3d at 564. The burden of proof shifts to the Commissioner at step five of the inquiry to show that other work can be performed by the claimant. *Bowling v. Shalala*, 36 F.3d 431, 435 (5th Cir. 1994) (citing *Anderson v. Sullivan*, 887 F.2d 630, 632-33 (5th Cir. 1989)). However, the burden only shifts if claimant proves he cannot continue working in his previous line of work. *Anderson*, 877 at 632. If the Commissioner demonstrates that other jobs are available to the claimant, the burden of proof shifts back to the claimant to rebut such a finding. *Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990).

The Commissioner's determination is afforded great deference. *Leggett*, 67 F.3d at 564. Judicial review of the Commissioner's findings is limited to whether the decision to deny benefits

was supported by substantial evidence and to whether the proper legal standard was utilized. 42 U.S.C. §§ 405(g), 1383(c)(3); *see also Greenspan*, 38 F.3d at 236. Substantial evidence is defined as "that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion; it must be more than a scintilla, but it need not be a preponderance." *Leggett*, 67 F.3d at 564. The reviewing court does not reweigh the evidence, retry the issues, or substitute its own judgment, but rather scrutinizes the record as a whole to determine whether substantial evidence is present. *Greenspan*, 38 F.3d at 236.

Absent an error that affects the substantial rights of a party, administrative proceedings do not require "procedural perfection." *Wilder v. Colvin*, No. 3:13-CV-3014-P, 2014 2931884, *5 (N.D. Tex. June 30, 2014) (citing *Taylor v. Astrue*, 706 F.3d 600, 603 (5th Cir. 2012)). Procedural errors affect substantial rights of a party only when the errors "cast into doubt the existence of substantial evidence to support the ALJ's decision." *Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir. 1988). Remand is required where there is a realistic possibility that the ALJ would have reached a different conclusion absent the procedural error. *January v. Astrue*, 400 F. App'x 929, 933 (5th Cir. 2010). Further, "[t]he ALJ is not required to discuss every piece of evidence in the record nor must the ALJ follow formalistic rules of articulation." *Hunt v. Astrue*, No. 4:12-CV-44-Y, 2013 WL 2392880, at *7 (N.D. Tex. June 3, 2013).

## Analysis

Plaintiff argues that due to the ALJ's failure to reconcile the discrepancy between his RFC finding and the opinions of consultative examiner, Dr. Sharad Swami, and state agency non-examining physicians, Dr. Amita Hegde and Dr. John Durfor, pursuant to Social Security Ruling ("SSR") 96-8p, remand is warranted for further evaluation of his "left shoulder impairment and the effect it has on his ability to perform work-related activities." Pl.'s Br. [D.E. 18 at 7]. The

ALJ determined that Plaintiff has the RFC to perform light work with the following limitations: lift/carry 20 pounds occasionally and 10 pounds frequently; stand/walk 4 hours in an 8 hour workday; sit for 4 hours in an 8 hour workday; frequently, but not constantly, use both upper extremities; and never climb ladders, ropes, or scaffolds. Tr. [D.E. 15-3 at 20]. Plaintiff was seen by consultative examiner, Dr. Swami on November 30, 2011. *Id.* [D.E. 15-10 at 7]. Dr. Swami determined that Plaintiff suffered from chronic pain in his left shoulder with a history of recurrent dislocations. *Id.* [D.E. 15-10 at 9]. On January 17, 2012, Dr. Hegde, a state agency non-examining physician, completed a Physical RFC assessment stating that Plaintiff's reaching in all directions on the left side was limited to occasional due to frequent dislocations of the shoulder. *Id.* [D.E. 15-10 at 13]. On April 5, 2012, Dr. John Durfor, another non-examining state agency physician, affirmed Dr. Hegde's RFC assessment. *Id.* [D.E. 15-10 at 18].

The Commissioner points out that on October 13, 2011, Dr. Robert Cantrell recorded a normal physical examination, with no edema and that Plaintiff stated that he was free from muscle pain. *See* Def.'s Br. [D.E. 19 at 5]; Tr. [D.E. 15-10 at 49]. Furthermore, the Commissioner points out that on March 9, 2012, Dr. Cantrell reported a mostly normal physical examination wherein he noted that Plaintiff exhibited tenderness of the shoulder and neck muscles and that he exhibited no edema. *See* Def.'s Br. [D.E. 19 at 5]; Tr. [D.E. 15-10 at 24]. Because the ALJ discussed the opinions of Dr. Cantrell, along with an August 6, 2009 treatment note stating that Plaintiff had a normal range of motion in both upper extremities, an August 24, 2011 treatment note recording a normal physical examination with no edema, and an October 17, 2012 x-ray of Plaintiff's left shoulder which showed only mild degenerative changes, the Commissioner argues that the ALJ was free to reject the opinions of Dr. Swami and Dr. Hegde. *See* Def.'s Br. [D.E. 19 at 5-6]; Tr. [D.E. 15-8 at 8; D.E. 15-9 at 6; D.E. 15-10 at 64]. The Commissioner argues that determining a

claimant's RFC is an issue reserved to the Commissioner, and that the ALJ makes an RFC assessment based on all of the relevant evidence. *See Id.* [D.E. 19 at 6] (citing 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3)).

SSR 96-8p requires an RFC assessment to be based on all of the relevant evidence in the case record, including medical history, medical signs and laboratory findings, the effects of treatment, reports of daily activities, lay evidence, medical source statements, effects of symptoms, evidence from attempts of work, the need for a structured living environment, and work evaluations. SSR 96-8p, 1996 WL 374184, at *5. "The RFC assessment must always consider and address medical source opinions. If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted." *Id.* at *7. The ALJ may reject the opinion of any physician if there is evidence that supports the contrary conclusion. *Martinez v. Chater*, 64 F.3d 172, 176 (5th Cir. 1995). The ALJ has the responsibility to weigh the evidence and ultimately generate a RFC assessment accordingly. *See Shave v. Apfel*, 238 F.3d 592, 595 (5th Cir. 2001); *Muse v. Sullivan*, 925 F.2d 785, 790 (5th Cir. 1991); *Falco v. Shalala*, 27 F.3d 160, 163-64 (5th Cir. 1994). However, absent medical opinion regarding the claimant's ability to work despite a medical condition, the ALJ may not formulate an independent RFC finding. In *Ripley v. Chater*, 67 F.3d 552, 557-58 (5th Cir. 1995), the Fifth Circuit explained as follows:

> The ALJ is responsible for determining an applicant's residual functional capacity. After considering the evidence, however, we conclude that the ALJ's determination . . . was not supported by substantial evidence. The record includes a vast amount of medical evidence establishing that Ripley has a problem with his back. What the record does not clearly establish is the effect Ripley's condition had on his ability to work. . . . The Commissioner argues that the medical evidence substantially supports the ALJ's conclusion. In making this argument, the Commissioner points to reports discussing the extent of Ripley's injuries. Without reports from qualified medical experts, however, we cannot agree that the evidence substantially supports

the conclusion that Ripley was not disabled because we are unable to determine the effects of Ripley's conditions . . . on his ability to perform sedentary work.

*Id.*

The ALJ stated that he gave significant weight to the opinions of Dr. Amita Hegde and Dr. John Durfor. *See* Tr. [D.E. 15-3 at 22]. Furthermore, the ALJ stated that "in order to allow the widest latitude possible to accommodate [Plaintiff's] testimony, [he] assessed even more restrictive limitations than the state agency. (sit 4/8, stand/walk 4/8 with frequent but not constant use of both upper extremities)." *See id.* [D.E. 15-3 at 22]. However, as Plaintiff points out, the ALJ's finding that Plaintiff could frequently use both upper extremities is contrary to the determination by Dr. Hegde and Dr. Durfor that Plaintiff could only occasionally reach with his left upper extremity. *See* Pl.'s Br. [D.E. 18 at 5]. The ALJ acknowledged in his decision that Dr. Hegde's "assessment [] showed that the claimant should limit reaching in all directions to occasional with his left upper extremity," and that Dr. Durfor affirmed Dr. Hegde's RFC assessment. *See* Tr. [D.E. 15-3 at 18]. Therefore, the ALJ's observation that Dr. Hegde limited Plaintiff in reaching with his left upper extremity to "occasional" contradicts his statement that he assessed even more restrictive limitations than Dr. Hegde and Dr. Durfor because the ALJ determined that Plaintiff could "frequently" use both upper extremities. While the Commissioner argues that the ALJ may reject the opinion of any physician when the evidence supports a contrary conclusion, the ALJ explicitly stated that he gave the opinions of Dr. Hegde and Dr. Durfor significant weight, not that he rejected their opinions. *See* Tr. [D.E. 15-3 at 22]. Because the ALJ believed that he gave the opinions of Dr. Hedge and Dr. Durfor significant weight and that he assessed more restrictive limitations than they did by limiting Plaintiff to frequent use of both upper extremities, it appears that, in formulating Plaintiff's RFC, the ALJ may have failed to consider their opinions regarding Plaintiff's limitation of occasional reaching with his left upper

extremity. The Court is unable to determine whether the ALJ would have come to a different conclusion regarding Plaintiff's RFC had he, in formulating Plaintiff's RFC, considered Dr. Hegde and Dr. Durfor's opinions regarding the left upper extremity limitation or if the ALJ did not intend to give significant weight to their opinions. Therefore, due to the internal inconsistency in the ALJ's decision which precludes the Court from determining whether the ALJ intended to give the opinions of Dr. Hegde and Dr. Durfor significant weight, the ALJ's decision is not supported by substantial evidence. *See Singleton v. Astrue*, No. 3:11-CV-2332-BN, 2013 WL 460066, at *6 (N.D. Tex. Feb. 7, 2013) ("Defendant contends that, even if error occurred, the error was harmless because, if the ALJ had discussed Dr. McHenry's opinion, he would not have given it great weight. . . . The Court is unable to say what the ALJ would have done. The opinions expressed in Dr. McHenry's medical source statement . . . included significant limitations beyond those that the ALJ recognized in determining both Plaintiff's residual function capacity and his ability to engage in any form of substantial gainful activity. . . . Had the ALJ given proper consideration to the treating and examining physicians' records and assessment of Plaintiff's ability to engage in work-related activities, the ALJ might have reached a different decision as to disability.").

Furthermore, the evidence pointed to by Commissioner in support of her argument that Plaintiff could frequently use both upper extremities do not address the effects of Plaintiff's physical condition on his ability to work. *See Thornhill v. Colvin*, 3:14-CV-335-M (BN), 2015 WL 232844, at *10 (N.D. Tex. Jan. 16, 2015) ("The problem with the ALJ's RFC determination is, as Plaintiff argues, that the ALJ rejected any medical opinion addressing or touching on Plaintiff's condition's effect on her ability to work and relied on progress notes that do not themselves address Plaintiff's work limitations. . . .While the ALJ may choose to reject medical sources' opinions, he cannot then independently decide the effects of Plaintiff's mental impairments on her ability to

8

perform work-related activities, as that is prohibited by *Ripley* . . . . Rather, at that point, it became incumbent upon the ALJ to obtain an expert medical opinion about the types of work tasks that Plaintiff could still perform given her impairments." (citing *Ripley*, 67 F.3d at 557-58; *Williams v. Astrue*, 355 F. App'x 828, 831-32 (5th Cir. 2009)). Without such medical evidence addressing Plaintiff's condition on his ability to work, the ALJ is precluded from independently make an RFC determination.

In consideration of the foregoing, the ALJ's RFC finding is not supported by substantial evidence. Therefore, the final decision of the Commissioner is reversed and remanded for further consideration of the ALJ's RFC assessment.

## Conclusion

For the foregoing reasons, the final decision of the Commissioner is REVERSED and REMANDED for proceedings consistent with this Memorandum Opinion and Order.

SO ORDERED, this ___ day of _____, 2015.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

9